IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AKOSUA AAEBO-AKHAN,

        Plaintiff,

v.                                                        Case No.  25-2502-JWB

SARAH CONNELL, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection to Magistrate Judge Angel Mitchell's order denying a motion for an exemption from Pacer fees. (Doc. 17.) Plaintiff's objection is OVERRULED for the reasons stated herein.

Plaintiff is proceeding pro se and in forma pauperis in this matter. Plaintiff registered as a pro se participant for electronic notification of documents filed in this matter. (Doc. 12.) As a registered pro se participant, Plaintiff receives an email with a link to any documents or orders filed in her cases. Plaintiff is allowed one free access to view a document filed upon receipt of the email with the link to the document. When the document is viewed, Plaintiff may save the document and/or print it. After being provided one free view, Pacer charges 10 cents per page to view the document again, subject to certain caps. Further, Plaintiff may freely access documents on Pacer at the courthouse.

Plaintiff filed a motion to request a Pacer fee waiver so that she could "perform case law research regarding related cases to fully and properly litigate pro se." (Doc. 14 at 1.) Plaintiff stated that she is homeless and cannot carry documents with her so she must be able to access and store documents electronically. Plaintiff requested that she be granted a fee waiver so she would

1

not incur additional fees to view documents. Magistrate Judge Mitchell denied Plaintiff's motion stating that Plaintiff gets one free look and that she may download the document at that time. (Doc. 15.) Further, Pacer is not used for case law research. If Plaintiff wanted paper copies mailed to her, Plaintiff could file a motion requesting that any future filings be mailed. (*Id.*)

Plaintiff filed an objection to Magistrate Judge Mitchell's order arguing that the denial amounts to judicial misconduct and violates Plaintiff's Fifth Amendment rights. (Doc. 17.) Plaintiff further asserts that she does not have copies of any documents filed in her case, including her own filings, prior to November 19, 2025, because those documents were filed by a social worker at the DC Department of Behavioral Health where she was previously admitted.

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on her behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). When a non-dispositive pretrial matter is ruled upon by a magistrate judge and a timely and specific objection to the ruling is made, the district judge is required to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")

Here, Plaintiff fails to identify how Magistrate Judge Mitchell's decision was clearly erroneous or contrary to law. Pacer is not utilized for research, rather it is an electronic record of the court's docket. Further, Pacer users must pay fees for documents. A Pacer user may, however,

request to be exempt from paying fees to access documents. *See* Electronic Public Access Fee Schedule, Effective January 1, 2020 ("Fee Schedule"), available at https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule. Plaintiff's status as in forma pauperis, alone, is not sufficient for the court to grant an exemption. *See Crump v. Johnson Cnty. Bd. of Comm's*, No. 5:24-CV-03046-JAR-RES, 2025 WL 2550216, at *1–2 (D. Kan. May 29, 2025). Rather, the court must find that Plaintiff "demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Id.* (citing to the Fee Schedule). Plaintiff's motion before the magistrate judge merely referenced her in forma pauperis status and stated that she lacked the ability to carry a number of documents and that she must be able to access the filed documents. (Doc. 14.) Plaintiff's initial motion did not meet her burden for an exemption given that the record clearly reflects that Plaintiff was provided with the filings by mail to her address of record prior to November 2025 and, after that point, the documents were provided by email. Notably, Plaintiff did not assert that she lacked documents due to the retention of those documents by a third party and that was the reason Plaintiff was seeking an exemption. Therefore, that argument is waived as she failed to present it to the magistrate judge.

In sum, Plaintiff's objection fails to establish clear error in Magistrate Judge Mitchell's decision. Plaintiff's objection (Doc. 17) is therefore OVERRULED.

IT IS SO ORDERED. Dated this 15th day of January 2026.

            __s/ John Broomes_____
            JOHN W. BROOMES
            CHIEF UNITED STATES DISTRICT JUDGE