IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AKOSUA AAEBO-AKHAN,

        Plaintiff,

v.

        Case No.  25-2502-JWB

SARAH CONNELL, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's objection (Doc. 39) to Magistrate Judge Angel Mitchell's Report and Recommendation ("R&R") (Doc. 38) recommending that the court dismiss this matter.  For the reasons stated herein, the court ADOPTS the R&R, OVERRULES Plaintiff's objection and DISMISSES the complaint.

### I.      Facts and Procedural History

Plaintiff is proceeding pro se and in forma pauperis.  Plaintiff filed this action against Defendants Sarah Connell, Sean C. Staples, Teresa Grant, Maritta L. King, D.C. Forensics, and the United States Marshals Service.  Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915(e)(2)(B).  Magistrate Judge Mitchell recommended that the complaint be dismissed for failing to comply with Federal Rule of Civil Procedure 8(a).

Plaintiff has filed four total cases in this court: Case Nos. 25-2500, 25-2502, 25-2506, and 25-2544. The court dismissed her complaint in Case No. 25-2500 and entered judgment against her on January 16, 2026.  That matter is currently pending appeal.  Plaintiff's complaint and its attached exhibits in this matter amount to 100 pages.  The first six pages are the court's form civil complaint and refer to a handwritten portion for her statement of claim, relief sought, amounts

claimed, and reasons she is entitled to recover money damages. (Doc. 1.)  There are 22 handwritten pages, and another 65 pages of exhibits that are also handwritten and extremely difficult to decipher. (Docs. 1-2, 1-3.)  Plaintiff's form complaint does not specify her claims and allegations but instead refers to her handwritten pages.  The handwritten exhibit includes what appears to be a filing and documents that Plaintiff prepared for a case in District of Columbia Superior Court. (Doc. 1-3.)  The exhibit is very difficult to read and in places appears photocopied with very small handwriting and more writing in the margins.

Plaintiff alleges that this court has jurisdiction over this matter on the basis of both diversity and federal question.  Plaintiff's complaint appears to be very similar to the complaint this court dismissed in Case No. 25-2500.  Plaintiff poses questions which appear to address this court's jurisdiction, alleges that she is a victim of sex trafficking, and was trafficked at birth due to her Akan American genetic criteria.  As in her other case, she alleges that she was trafficked by the "white Jewish mafia" and some "Cherokee Indians."  (Doc. 1-2. at 13.)  She claims that her children were fathered by Kwesi Akhan, and that she and her children have unsuccessfully attempted to escape sex and human trafficking. (Doc. 1-2.)  Plaintiff's allegations also concern multiple cases in the District of Columbia Superior Court.  Plaintiff complains of actions undertaken in that court by Defendants District of Columbia Superior Court Judge Sean Staples, Assistant Attorney General Sarah Connell, Teresa Grant, a psychologist, Marnitta King, Plaintiff's public defender, and D.C. Forensics.  Although difficult to decipher, Plaintiff complains of a psychological examination ordered in her criminal cases and the findings by Ms. Grant.  Plaintiff further complains about the rulings made by Judge Staples and the representation by Ms. King, asserting that she provided ineffective assistance of counsel.  All of this conduct allegedly occurred during her cases in the District of Columbia.  These Defendants are all citizens of the District of

Columbia or Maryland.  (Doc. 1-5.)  Plaintiff's complaint states that she did not seek administrative remedies before filing this action.  (Doc. 1 at 5.)  Plaintiff filed this action in Kansas because she contends that she is still a Kansas citizen due to her involuntary placement in a hospital in the District of Columbia.  However, Plaintiff has utilized a Washington, D.C., address in all her filings.

Magistrate Judge Mitchell recommended dismissal on the basis that Plaintiff's complaint fails to comply with basic pleading standards.  Plaintiff filed an objection to Magistrate Judge Mitchell's R&R.  Plaintiff's objection does not even address Rule 8 and instead attempts to add factual allegations regarding each Defendant.  The court will address the sufficiency of the complaint.

## II.    Standard

R&R Standard of Review.  On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate.  *See Williams v. United States*, No. 19-2476-JAR, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).  When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

Pro Se Party.  Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *Yang v. Archuleta,* 525 F.3d 925, 927 n.1 (10th Cir. 2008)  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on her behalf. *Id.*

3

### III.    Analysis

Federal Rule of Civil Procedure 8(a) provides a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Each allegation must be simple, concise, and direct."  Rule 8(d)(1).  Significantly, Rule 8(a) does not establish a floor but "a ceiling (the complaint must be no more than 'a short and plain statement')."  *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (citing *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).  Only a "generalized statement of the facts" is "permissible." *Id.*  Failure to comply with these pleading requirements can result in dismissal sua sponte.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 and n. 2 (10th Cir. 2007) ("And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

A complaint has two purposes: to provide the opposing parties fair notice of the claims against them and to allow a court to determine whether a plaintiff is entitled to relief.  *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).  These purposes are thwarted when a complaint is unnecessarily long and includes "a morass of irrelevancies."  *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)).

Plaintiff's complaint does not comply with Rule 8.  Plaintiff's complaint and attached exhibits are 100 pages long and more than half of those pages are almost impossible to decipher.  Therefore, it does not provide fair notice of her claims against these Defendants.  Plaintiff has wholly failed to respond to Magistrate Judge Mitchell's decision finding that her complaint fails

to comply with Rule 8.  After review, the court finds that the complaint fails to comply with Rule 8 and is subject to dismissal.

Reviewing the objection, it appears that Plaintiff is attempting to put forth additional facts and arguments in support of her claims.[1]  However, the court notes that amendment would be futile as the complaint would be subject to dismissal.  As to Defendant United States Marshal's Service, any claim is barred by sovereign immunity.  *See Trapp v. U.S. Marshals Serv.*, 139 F. App'x 12, 14 (10th Cir. 2005).  And, to the extent Plaintiff seeks to proceed against the United States under the waiver of sovereign immunity in the Federal Tort Claims Act ("FTCA"), she cannot because she has not exhausted her administrative remedies.  *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

As to the remaining Defendants, some or all are entitled to judicial immunity, quasi-judicial immunity, or prosecutorial immunity for their actions in the numerous criminal and civil actions in the District of Columbia that Plaintiff complains about.  *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (judicial immunity and quasi-judicial immunity); *Chilcoat v. San Juan County*, 41 F.4th 1196, 1208 (10th Cir. 2022) (prosecutorial immunity).  Further, they would not be subject to personal jurisdiction in this court.  *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (court can consider these defenses sua sponte when it is clear from pleadings that Plaintiff cannot allege facts to support personal jurisdiction or venue).  All of the conduct complained about by these actors occurred in the District of Columbia and they either are citizens of that District or of the State of Maryland.  Therefore, this court lacks personal jurisdiction over them.  The court further finds that this matter would be subject to dismissal for improper venue for the same reasons.

---

[1] Plaintiff's objection also contains three pages of citations to statutes, treaties, and case citations.  (Doc. 39 at 1–3.) The court does not understand the purpose of this list of citations and it appears that Plaintiff continues to copy this list from other filings in prior cases.  In any event, the court declines to review all of these cases and citations as Plaintiff does not identify their purpose.  The court is not obligated to make arguments on Plaintiff's behalf.

Moreover, it is very likely that Plaintiff's claims would be subject to dismissal under the *Rooker-Feldman* doctrine or *Younger* abstention as this court discussed in its prior order dismissing Plaintiff's complaint in Case No. 25-2500.[2]

Therefore, Plaintiff's complaint is dismissed without prejudice.

### IV.    Conclusion

Plaintiff's objection (Doc. 39) to the R&R is OVERRULED and the R&R is ADOPTED. Plaintiff's complaint is DISMISSED for the reasons set forth herein.

IT IS SO ORDERED.  Dated this 8th day of June, 2026.

_____s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In her objection, which is easier to decipher as it is typed, Plaintiff appears to seek dismissal of a criminal charge that was filed against her earlier this year.  (Doc. 39 at 6.)  Plaintiff also asserts that certain rules of the District of Columbia were not followed in her D.C. cases and that she was not properly provided with service of certain documents.